UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**SYLVANIA FREDERICK, III,**

    **Plaintiff,**

vs.                                       **CASE NO. 4:23-cv-00050-AW-MAF**

**BETHESDA MEM'L HOSP.
ET AL.,**

    **Defendants,**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Sylvania Frederick, III, a prisoner proceeding *pro se*, initiated this civil rights case pursuant to 42 U.S.C. § 1983, without paying the $402 filing fee. ECF No. 1. Plaintiff's applications to proceed *in forma pauperis* (IFP) were incomplete and, thus, denied. ECF Nos. 2, 5, 11, 16. A proper IFP application or payment was due no later than **March 1, 2023**. ECF Nos. 5, 10, 16. The Court screened the initial complaint, found it legally insufficient, and ordered Plaintiff to amend by **March 16, 2023**. ECF No. 9. As of the date of the drafting of this Report, Plaintiff has not complied with court orders. For the reasons stated, the complaint should be dismissed without prejudice and the case closed.

## I. Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)

Because Plaintiff is a prisoner, his complaint requires a preliminary review and initial screening 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Pursuant to the statutes, the Court must dismiss a prisoner's complaint, or any portion thereof, if it is frivolous, malicious, fails to state a claim or seeks damages from defendants who are immune. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998) (overruled on other grounds by Iqbal, 556 U.S. at 662).

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."

Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To avoid dismissal, a plaintiff must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' . . . allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II. Plaintiff's Complaint, ECF No.1

The Court reviewed Plaintiff's complaint as required by 28 U.S.C. § 1915A, and liberally construed his claims. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). The complaint is on the proper form, but at 35 pages, it exceeds the 25-page limitation. ECF No. 1; see N.D. Fla. Loc. R. 5.7(B). Plaintiff sued over 100 defendants: hospitals, nursing homes, retail corporations, computer and software corporations, internet and email providers, television companies, federal agencies, tax firms, and at least forty-eight individuals. ECF No. 1, pp. 1-7, 10, 29-30, 32-33. None appear to be state actors within the context of Section 1983. The complaint is no model of clarity.

As best can be determined, Defendants are purportedly engaged in some sort of conspiracy against Plaintiff. Plaintiff's account, although quite unclear, alleges numerous state tort claims and criminal- and constitutional violations: "fraud, identity theft, abduction, kidnapping, intentional infliction of emotional distress, mental anguish, amputation, attempted murder, battery, sexual assault, and murder." ECF No. 1, p. 5. Plaintiff alleges Bethesda Memorial Hospital employees stole his identity by using his social security number to commit acts of fraud. Id. The nursing home employees, at "Blvd Manner" and Hamilton Place, used the information with "devices" (mobile phones and tablets) to commit identity theft and violent crimes. Id. He also implicates the device retailers and manufacturers (Walmart, Best Buy, Apple, Dell, etc.). Id. Plaintiff alleges the violent crimes were perpetrated on the internet; and he was raped, molested, stabbed, discriminated, abused, subjected to involuntary surgical procedures, and battered via a web site with these devices. Id., p. 11. Plaintiff claims he did not receive one of his COVID-19 stimulus checks, as a result of the fraud. Id., p. 14.

Plaintiff wants criminal indictments issued and his own release from prison. Id. Plaintiff seeks, approximately, $100,000,000, in compensatory- or punitive damages and corporate ownership interests. Id., pp. 15-17.

## III.  Discussion

### A. Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015). District courts have "the inherent authority to control [their] dockets and ensure the prompt resolution of lawsuits . . . which in some circumstances includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)." Id., at 1320. Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

In <u>Weiland</u>, <u>supra</u>, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." 792 F.3d at 1321. The most common type of shotgun pleadings are complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." <u>Id.</u> Next, are complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." <u>Id.</u>, at 1322. Third, are complaints that do not separate "into a different count each cause of action or claim for relief." <u>Id.</u>, at 1323. Finally, the fourth kind of shotgun pleading is one that "[asserts] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." <u>Id.</u>

Here, Plaintiff's complaint is the quintessential shotgun pleading. His claims are a stream of consciousness replete with legal conclusions. Plaintiff does not attribute any acts or omissions to any one particular entity. Local Rule 5.7 stipulates that in a civil rights case such as this one, a "complaint … must set out specific claims and supporting facts." N.D. Fla. Loc. R. 5.7(B). Plaintiff's claims are far from specific both as to what they are or who perpetrated them; and he provides no facts to support his allegations.

Plaintiff's claims are so vague that the Court cannot determine what, if any, constitutional violations are implicated. For example, Plaintiff claims multiple violations of his person; however, in the same thought posits the violations were perpetrated on the internet. Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010).

Similarly, Federal Rule of Civil Procedure 20(a)(2) provides for multiple defendants to be joined in the same action only if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," Fed. R. Civ. P. 20(a)(2)(A), and, second, there must be a "question of law or fact common to all defendants in the action." Id., at 20(a)(2)(B). Both prongs of the test must be met for joinder to be appropriate.

Here, Plaintiff has not satisfied either prong of the test. He alleges multiple infringements happening separately, stemming from the actions of over 100 defendants. A lawsuit against multiple defendants based on unrelated events creates case management problems, prejudices the defendants, and is fundamentally unfair. Plaintiff's legal conclusions are insufficient to proceed. The Court advised Plaintiff of these deficiencies and

warned the complaint was subject to dismissal. ECF No. 9. The Court ordered Plaintiff to amend, but Plaintiff did not comply. Id. Even if Plaintiff were to amend, his claims are likely futile.

> B. Plaintiff Fails to State a Claim Because Defendants are Not State Actors

The Eighth Amendment prohibits "cruel and unusual punishments"; prison officials have a duty to provide prisoners with "humane conditions of confinement," including adequate medical care. Farmer v. Brennan, 511 U.S. 825, 832-34 (1994). However, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003) (citations omitted). To establish excessive force, in violation of the Eighth Amendment, the force must have been "sadistically and maliciously applied for the very purpose of causing harm." Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002). Eighth Amendment claims based on *de minimis* uses of physical force are not cognizable unless they involve force that is "repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 8 (1992).

Here, it is unclear whether Plaintiff can properly state an Eighth Amendment claim because he does not attribute the violent acts to any defendant(s). As presented, the general and conclusory allegations of harm presented in the complaint are insufficient. More importantly, to the extent

the Court can discern, none of the Defendants are state actors under Section 1983. To succeed, a plaintiff must "prove that a person acting under color of state law committed an act that deprived him of some right, privilege, or immunity protected by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing 42 U.S.C. § 1983). Plaintiff's factual account is scant and does not demonstrate how Defendants' conduct, actions, or inactions are somehow attributable to the state or that they were acting under color of state law. The Court advised Plaintiff of this deficiency and ordered him to amend, but he did not. The Court warned that if Plaintiff did not attribute the act or omission to a state actor, dismissal for failure to state a claim was likely. Dismissal is proper.

C. Plaintiff Failed to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court cannot proceed with a complaint which amounts to a shotgun pleading where Plaintiff has failed to amend his complaint in accordance with the Court's order. Furthermore, Plaintiff did not file a complete IFP application and did not pay the $402 filing fee. See ECF No. 6.

Plaintiff initiated this case on January 25, 2023, with an incomplete IFP application. ECF Nos. 1, 2. The Court ordered Plaintiff to amend his complaint and to submit a complete IFP application. ECF Nos. 5, 9. Rather than comply with the Court's clear instructions, Plaintiff repeatedly submitted improper pleadings, which were stricken. See ECF Nos. 6, 7, 8, 9, 10, 12, 13, 14, 15, 16. The time to amend and file a proper IFP application or pay the filing fee has passed. Dismissal is appropriate.

IV. **Conclusion and Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** because defendants are not state actors; thus, Plaintiff fails to state a claim. Alternatively, the Court may dismiss the case

for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is also recommended that the case be **CLOSED**. Finally, it is recommended that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida on March 27, 2023.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).